DONALD WHITE, MRS. DONALD WHITE, AND DALE WHITE, APPELLANTS, v. ROBERT MOORE AND DOROTHY MOORE, RESPONDENTS.

No. 5567

December 10, 1968          448 P.2d 35

*Hawkins & Walker,* of Las Vegas, for Appellants.

*Deaner, Butler & Adamson,* of Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Respondents Robert and Dorothy Moore brought an action against appellants, Mr. and Mrs. Donald White, and their son, Dale White, to quiet title to the respondents' service station and adjoining duplex rental units situated in Clark County, which the appellants were purchasing under a contract of sale. The district court found the contract void for want of specificity and restored the property to respondents.

Dale White and the Moores signed a written agreement in October 1965 for the sale of the service station and adjoining

rental units. The instrument was prepared by Dale's sister, Doris White Bagley. The agreed purchase price was $100,000, with $600 down and the balance to draw interest at 6 percent per annum, payable monthly commencing November 1, 1965. The agreement made no provision for the payment of the remaining principal of $99,400—although appellants claim they had a reasonable time in which to pay it.

Appellants took immediate possession of the property, operated the service station, collected certain rentals from the duplexes, and paid to respondents the monthly interest payments through October 1966. Appellants also paid the monthly installments due on two recorded encumbrances covering the property—one to James D. and Leta E. Kell, amounting to $250 a month, and a second to Richfield Oil Corporation in the sum of $134.60 a month.

Appellants stopped all payments in October 1966 for the stated reason that they had no actual knowledge, when the agreement was signed, that the recorded Richfield encumbrance also contained a provision giving Richfield the power to consent and a first right of refusal to purchase the property in the event of a lease, sale, or transfer of the service station. Appellants do not charge fraud on the part of respondents for failure to disclose the terms of the Richfield encumbrance.

We find appellants' contention wholly untenable. Even if the agreement of October 1965 was a valid and binding contract between the parties, the appellants by reason of the knowledge imputed to them by virtue of our recording statutes are deemed to have had knowledge of the provisions of the Richfield encumbrance of record, and they are not now permitted to disclaim that knowledge.[1] Accordingly, the appellants were not justified in stopping the monthly payments due under their agreement, and consequently forfeited what rights, if any, they had thereunder.

The judgment of the trial judge is affirmed.

---

[1]NRS 111.320. "Filing of conveyances, instruments for record imparts notice to all persons: Effect on subsequent purchasers and mortgagees. Every such conveyance or instrument of writing, acknowledged or proved and certified, and recorded in the manner prescribed in this chapter, shall, from the time of filing the same with the recorder for record, impart notice to all persons of the contents thereof; and subsequent purchasers and mortgagees shall be deemed to purchase and take with notice."