ALL AMERICAN VAN AND STORAGE, INC., A NEVADA CORPORATION, APPELLANT, v. DeLUCA REALTY, INC., A NEVADA CORPORATION, RESPONDENT.

No. 9842

April 6, 1979                                         592 P.2d 951

*John Peter Lee, Ltd.,* and *Richard McKnight,* of Las Vegas, for Appellant.

*Nitz, Schofield & Nitz,* of Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This action was commenced by DeLuca against All American to enjoin interference with an easement. Following trial, the court found that DeLuca owned a parcel of land commonly known as 723 N. Main St., Las Vegas, and as well, an easement for road purposes 60 feet wide over adjoining property owned by All American; that All American had interfered with DeLuca's use thereof and should be permanently enjoined. Judgment, accordingly, was entered.

All American contends that the evidence was insufficient to show the existence of an easement since nothing was introduced regarding the grant of such an easement by the predecessors of All American. This contention is without substance.

It is apparent from the evidence received that Carl and Julia Huffey, predecessors of All American, had granted the easement by deed to DeLuca dated November 7, 1945, recorded November 14, 1945. All American, by reason of the knowledge imputed to it pursuant to the recording statutes, must be deemed to have had notice of the recorded encumbrance. NRS 111.320; White v. Moore, 84 Nev. 708, 448 P.2d 35 (1968).[1]

Affirmed.[2]

---

[1] Although the President of All American was not aware of that easement when his company purchased the property over which the easement was given, he later learned of it and has obtained a summary judgment fixing the liability of First American Title Insurance & Trust Company for its failure to show the easement as a defect in title when issuing its policy of title insurance to All American.

[2] The Governor designated Michael R. Griffin, Judge of the First Judicial District, to sit in the place of the HONORABLE JOHN MOWBRAY, Justice, who was disqualifed. Nev. Const. art. 6, § 4.