BALEY & SELOVER, INC., A NEVADA CORPORATION, APPELLANT, *v.* ALL AMERICAN VAN & STORAGE, INC., A NEVADA CORPORATION, RESPONDENT.

No. 12076

August 25, 1981                                    632 P.2d 723

*Jolley, Urga & Wirth,* Las Vegas, for Appellant.

*John Peter Lee* and *Richard McKnight,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Baley & Selover, Inc., the appellant here, brought this action against respondent All American Van & Storage, Inc. alleging constructive eviction.

Appellant leased a warehouse on North Main Street in Las Vegas, Nevada, from the respondent and took possession in 1971. The leased premises consisted of a warehouse and 60 × 125 foot asphalt parking lot. Appellant operated a moving and storage business on the premises. The parking area was used by

appellant to park trucks, trailers and for some storage. Abutting this parking area is another warehouse, referred to as the DeLuca building, with doors opening onto the parking area.

The use of the parking area by tenants and occupants of the DeLuca building is the conduct alleged to constitute the constructive eviction of appellant.

Respondent bought the property in 1967 and operated a moving and storage business in the warehouse until they sold the business to appellant in 1971. At the time of the sale, appellant entered into a 10-year lease agreement with respondent for the warehouse and parking area.

Margaret Selover, the president of Baley & Selover, Inc. was employed as the manager of All American from 1967 to April, 1971. During her tenure as manager, Selover was aware that the tenants in the DeLuca building occasionally used the parking lot for ingress and egress.

At trial, Ms. Selover testified that the use of the area by the DeLuca tenants increased in 1972 when a casino used the building to store slot machines and that such increased usage of the area until sometime in 1974 created an inconvenient situation for appellant. Ms. Selover further testified that often there were more trailers parked in the area than power units to move them and because of this increased use, appellant had limited parking space and a hostile situation was created.

Ms. Selover acknowledged service of process in 1973 when the owners of the DeLuca property served both appellant and respondent seeking a declaration of an easement over the parking lot.[1]

At the conclusion of the appellant's case, respondent moved the court to dismiss the complaint under the authority of NRCP 41(b).[2] The motion was granted and appellant contends that the district court thereby erred. We disagree.

[1] *See* All American Van & Storage, Inc. v. DeLuca Realty, Inc., 95 Nev. 253, 592 P.2d 951 (1979), where this court affirmed the district court's decision finding a recorded easement for ingress and egress across the parking area in favor of the DeLuca property.

[2] NRCP 41(b) provides, in pertinent part:

After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has failed to prove a sufficient case for the court or jury. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, or for failure to join a party under Rule 19, operates as an adjudication upon its merits.

[Headnote 1]

A motion for involuntary dismissal admits the truth of plaintiff's evidence and all inferences that reasonably can be drawn therefrom, and the evidence must be interpreted in the light most favorable to plaintiff. NRCP 41(b); Humboldt Basin Newspapers v. Sunderland, 95 Nev. 794, 699, 603 P.2d 278, 280 (1979); Gunlock v. New Frontier Hotel, 78 Nev. 182, 183–84, 370 P.2d 682, 683 (1962).

[Headnote 2]

A constructive eviction results from an active interference with, or disturbance of, a tenant's possession by the act of the landlord when all or a substantial part of the premises is rendered unfit for occupancy for the purpose for which it was demised. Medical Multiphasic v. Linnecke, 95 Nev. 752, 755, 602 P.2d 182, 184 (1979).

[Headnote 3]

The record in this case does not establish appellant's claim that it was absolutely critical that the parking area be free and clear of any easements and rights-of-way. Appellant had operated at the location from 1971 with knowledge of the use of the parking area by the occupants of the DeLuca building.

The evidence viewed most favorably to appellant shows only an inconvenience to appellant from the increased usage of the easement.

[Headnote 4]

Furthermore, appellant operated under the conditions it complains of until vacating the premises in July, 1976. As an additional requirement for constructive eviction the tenant must treat the interference as an eviction and surrender the premises within a reasonable time. No constructive eviction results if the tenant continues in possession even though disturbed in the beneficial enjoyment of the premises. Medical Multiphasic v. Linnecke, *supra;* Baker v. Siminds, 79 Nev. 434, 386 P.2d 86 (1963).

We affirm the involuntary dismissal entered by the district court.