NEIL K. STEWERT, APPELLANT, *v.* AMERICAN BUMPER COMPANY, INC., AND FAIRWAY CHEVROLET COMPANY, RESPONDENTS.

No. 14233

September 27, 1983                                    669 P.2d 253

*Reid & Alverson,* Las Vegas, for Appellant.

*Cromer, Barker, Michaelson, Gillock & Rawlings; Keefer, O'Reilly & Haight,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

This action arises out of a vehicular accident in which a horse trailer pulled by a pickup truck driven by appellant Stewert separated from the truck, crossed a highway median, and struck an automobile in which the injured plaintiffs were riding.

The appeal is brought by Stewert contending that the trial judge improperly dismissed two of his co-defendants, respondents American Bumper Company, Inc. and Fairway Chevrolet Company.

American Bumper manufactured the bumper to which the runaway trailer was claimed to be hitched. Fairway was the seller of the pickup. Stewert claims that there is a sufficient case to hold American Bumper and Fairway on theories of strict liability and warranty and that it was improper for the trial court to dismiss them as defendants under NRCP 41(b).

A motion for involuntary dismissal under NRCP 41(b)

admits the truth of the non-moving party's evidence and all inferences that reasonably may be drawn therefrom, and the evidence must be interpreted in a light most favorable to the non-moving party. *See* Baley & Selover v. All Amer. Van, 97 Nev. 370, 632 P.2d 723 (1981); Humboldt Basin Newspapers Inc. v. Sunderland, 95 Nev. 794, 603 P.2d 278 (1979).

Using this standard, the jury reasonably could have found the following: Fairway sold the pickup to Stewert's principal, Nevada Rock and Sand Company, and that Fairway had installed on the pickup a bumper manufactured by American Bumper. The bumper came equipped with a "safety loop" designed for the attachment of a safety chain between truck and trailer. There was no direct evidence that on the day of the accident the chain was in fact secured to the safety loop; however, since there was testimony to support a finding that the chain was attached to the bumper, it could reasonably be inferred that the chain was secured to the bumper by the safety loop. When the ball trailer hitch failed and the trailer was joined to the truck only by a safety chain, the safety loop pulled loose and freed the trailer so that it crossed the median, striking plaintiff's car.

There are many other possible inferences that can be drawn from the evidence in this case, but there is certainly ample evidence to support the foregoing inferences. Such inferences could reasonably have been drawn by a jury; consequently, the trial court erred in dismissing respondents.

The case is reversed and remanded.[1]

---

[1]Justice Thomas L. Steffen has voluntarily recused himself in this matter.