**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

## IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| COLEMAN HOLDINGS LIMITED PARTNERSHIP, A NEVADA LIMITED PARTNERSHIP; AND BRETT E. COLEMAN AND BEK TRUSTEES OF THE COLEMAN FAMILY TRUST, Appellants, vs. LANCE J. EKLUND AND JOANNE R. EKLUND, TRUSTEES OF THE LANCE J. EKLUND AND JOANNE R. EKLUND FAMILY TRUST, DATED JULY 27, 2005, Respondents. | No. 59323 <br><br> **FILED** <br><br> JAN 29 2015 <br><br>  |

### *ORDER OF AFFIRMANCE*

This is an appeal from an order, certified as final under NRCP 54(b), granting summary judgment in a real property action. Second Judicial District Court, Washoe County; Steven P. Elliott, Judge.

Respondents purchased a parcel of real property from appellants, intending to merge it with an adjacent parcel and build a home on the combined properties. Before purchasing the property, respondents were provided with a preliminary title report that listed a recorded document entitled "Partial Release of Restrictions," which did not actually release any restrictions, but instead modified a prior restriction on the property and imposed additional setback restrictions that effectively precluded building a structure on the purchased parcel. A copy of the actual partial release, however, was never provided to or sought by respondents. Based on the document's title, respondents assumed that it only released restrictions that were previously imposed on the property and did not investigate further. Appellants were made aware that the

SUPREME COURT OF NEVADA

(O) 1947A

15-03220

partial release imposed setback restrictions when they originally acquired the parcel, but had forgotten about the restrictions and erroneously believed that the restrictions had since been removed. Accordingly, appellants did not mention the setback restrictions to respondents.

After purchasing the property and discovering the setback restrictions, respondents sued appellants for, among other things, rescission of the real property sale due to mutual mistake. After the parties filed competing summary judgment motions, the district court found that the parties had made a mutual mistake in believing that the property was not subject to any setback restrictions, granted respondents' motion, and ordered the transaction rescinded. Appellants appealed.

Appellants argue that rescission for mutual mistake is precluded because respondents had inquiry notice of the setback restrictions based on the preliminary title report or constructive notice because the partial release was recorded. Appellants do not dispute that respondents did not have actual knowledge of the contents of the partial release. Respondents argue that whatever implied notice they had was irrelevant and that the district court properly found that the parties made a mutual mistake. We review a district court's summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005).

A "[m]utual mistake occurs when both parties . . . share a misconception about a vital fact upon which they based their bargain." *Gramanz v. Gramanz*, 113 Nev. 1, 8, 930 P.2d 753, 758 (1997) (quotation marks omitted). If a mutual mistake was made, "the contract is voidable by the adversely affected party unless he bears the risk of the mistake . . . ." Restatement (Second) of Contracts § 152 (1981). A party

bears the risk of mistake if it is assigned to him by the parties' agreement, if he is aware at the time of the contract that he has limited knowledge with respect to the mistaken facts yet nevertheless enters into the agreement, or if the risk is allocated to him by the courts because it is reasonable to do so. *Id.* § 154.

Here, the summary judgment evidence supports the district court's determination that the parties made a mutual mistake in their mutual belief that the parcel had no setback restrictions. Accordingly, respondents can void the purchase agreement if they did not bear the risk of mistake. And, as respondents argue, inquiry and constructive notice do not preclude mistake and are appropriately considered in the context of risk of mistake. *Hartle v. United States*, 22 Cl. Ct. 843, 849 (1991) (holding that the purchaser's constructive knowledge of a recorded "Zoning Verification Form" places the risk of a mutual mistake on the purchaser); *see Sawyer v. Mid-Continent Petroleum Corp.*, 236 F.2d 518, 521 (10th Cir. 1956) ("[T]he essence of the equitable doctrine of restitution for mistake of fact is frequently founded in 'unconscious ignorance' or forgetfulness of material facts which could have been remedied by the exercise of due care.").

As to inquiry notice, a preliminary title report may put a prospective purchaser on inquiry notice of deed restrictions when the facts in the report would lead a reasonable person to further investigate whether deed restrictions exist. *Huntington v. Mila, Inc.*, 119 Nev. 355, 357, 75 P.3d 354, 356 (2003); *see also High v. Davis*, 584 P.2d 725, 736 (Or. 1978) (noting that a preliminary title report can provide inquiry notice). In this case, however, the preliminary title report referred to the partial release by its title but did not give any indication that it imposed setback

restrictions. Accordingly, we perceive no error in the district court's determination that the preliminary title report did not put respondents on inquiry notice as to the existence or nature of the setback restrictions. *Cf. Alfaro v. Cmty. Hous. Improvement Sys. & Planning Ass'n, Inc.*, 124 Cal. Rptr. 3d 271, 281, 301 (Ct. App. 2009) (holding that purchasers were put on inquiry notice of the existence and nature of deed restrictions when a preliminary title report listed a document entitled "DEED RESTRICTION").

Regarding constructive record notice, a recorded document provides "notice to all persons of the contents thereof; and subsequent purchasers and mortgagees shall be deemed to purchase and take with notice." NRS 111.320. NRS 111.320 imposes constructive knowledge of the contents of recorded documents on a subsequent purchaser. *White v. Moore*, 84 Nev. 708, 709, 448 P.2d 35, 36 (1968). The parties do not dispute that the partial release was properly recorded and indexed and was found when Ticor Title conducted a record search. Thus, the law deems respondents to have knowledge of the partial release's contents, including the setback restrictions, regardless of whether the document was improvidently titled.

Nevertheless, the district court did not err in rescinding the contract based on mutual mistake. While respondents did have constructive notice of the partial release, appellants were apprised of the setback restrictions when they originally purchased the parcel and obtained title insurance against the enforcement of the restrictions, but did not pass this information on to respondents when they sold the parcel to respondents. *See* Restatement § 154 (indicating that courts may assign the risk of mistake when it is reasonable to do so); *see also Mitchell v.*

*Boyer*, 774 P.2d 384, 386 (Mont. 1989) (holding that a seller's innocent misrepresentations of property restrictions justified mutual mistake and rescission). Moreover, respondents' negligence in failing to discover the true facts does not preclude applying mutual mistake. *Van Meter v. Bent Constr. Co.*, 297 P.2d 644, 647 (Cal. 1956) (concluding that a negligent person is not precluded from asserting mutual mistake and that an innocent misrepresentation may support rescission for mutual mistake). Therefore, the contract was voidable by respondents for the mutual mistake, Restatement § 152, and the district court properly granted respondents summary judgment and rescission of the property sale. *Wood*, 121 Nev. at 729, 121 P.3d at 1029. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc: Second Judicial District Court Dept. 10
Robert L. Eisenberg, Settlement Judge
Bowen Hall
Prezant & Mollath
Washoe District Court Clerk