NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 22 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELIZABETH ESTRADA, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> SPECIALIZED LOAN SERVICING, LLC, <br><br> Defendant - Appellee. | No. 23-2704 <br><br> D.C. No. 2:22-cv-01620-GMN-NJK <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submitted October 7, 2024[**]
Las Vegas, Nevada

Before: BEA, CHRISTEN, and BENNETT, Circuit Judges.

Elizabeth Estrada appeals from the district court's order dismissing her only

cause of action for quiet title against Specialized Loan Servicing, LLC ("SLS")

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under Nev. Rev. Stat. § 40.010.[1] Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

The district court found that Estrada could not have received clean[2] title in fee simple to the property at 4910 Mascaro Drive in Las Vegas, Nevada ("Property") via an August 25, 2016 quitclaim deed from Nevada New Builds, LLC ("New Builds"), because under Nevada law, "a quitclaim deed transfers only such title and interest as the grantor possessed when he delivered the title." (quoting *Del Webb Conservation Holding Corp. v. Tolman,* 44 F. Supp. 2d 1105, 1111 (D. Nev. 1999)).

A valid deed of trust ("Deed of Trust"), which secured repayment of a promissory note in the amount of $216,000, was recorded against the Property on July 30, 2007. In September 2007, the Federal Home Loan Mortgage Corporation ("Freddie Mac") acquired ownership of the Deed of Trust. Sterling at Silver Springs Homeowners Association ("HOA") later acquired the Property via a foreclosure sale on May 24, 2013, and then quitclaimed the Property to New Builds on March 19, 2015. On August 15, 2016, New Builds sold the Property to Estrada via a recorded

---

[1] Nev. Rev. Stat. § 40.010 provides: "An action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim."

[2] Clean title, also known as "clear title" or "free and clear title," refers to title free from all encumbrances or disputes about ownership of the property.

quitclaim deed ("Quitclaim Deed").[3] We agree with the district court that because "New Build's title was encumbered by a valid Deed of Trust," "when [Estrada] in turn acquired title via [the] [Q]uitclaim [D]eed, her title continued to be encumbered by the Deed of Trust."

Estrada argues that "while it is true a [quitclaim] deed only conveys the title the grantor has, title should not be confused with encumbrance"; "New Builds had fee simple title and it transferred fee simple title"; and "SLS only asserts a money encumbrance, not an ownership interest." Not so. First, the actual language in the Quitclaim Deed illustrates that a quitclaim deed transfers only such title and interest as the grantor possessed at the time of the transfer. The Quitclaim Deed states that the "Grantor . . . does hereby remise, release and quitclaim unto the said Grantee forever, all the right, title, interest and claim *which the said Grantor has*" in the Property. (emphasis added). Estrada does not dispute that New Builds's title was

---

[3] Prior to the sale, on May 21, 2015, New Builds brought a quiet-title action in Nevada state court against Ocwen Loan Servicing, LLC, the servicer for the loan for Freddie Mac at the time, contending that the foreclosure sale to HOA extinguished the Deed of Trust. New Builds did not move to join or substitute Estrada, allegedly did not inform Estrada of this action, and did not disclose to the court or the other parties that it had quitclaimed the Property to Estrada. *See generally Nev. New Builds, LLC v. Specialized Loan Servicing, LLC*, No. A-15-718814-C (Nev. Dist. Ct. Aug. 12, 2020). On August 12, 2020, the court entered judgment against New Builds, ruling that the foreclosure sale to HOA "did not extinguish the Deed of Trust" and that "the Deed of Trust remains a valid lien upon, and continues to encumber, the Property." New Builds did not appeal. The decision was recorded against the Property on September 14, 2020.

encumbered by the valid Deed of Trust. New Builds therefore conveyed to Estrada *title encumbered by the Deed of Trust*. *See Bank of Am., N.A. v. Hernandez*, No. 2:17-cv-03108-RFB-CWH, 2019 WL 1442184, at \*5 (D. Nev. Mar. 31, 2019) (concluding that when property subject to deed of trust was conveyed by quitclaim, property remained subject to deed of trust after conveyance).

Second, Estrada's view of the Deed of Trust is wrong. The Deed of Trust does not simply encumber the property. Legal title is conveyed to the Trustee (typically a third-party title company) under terms which require the Trustee to reconvey title when the encumbrance is paid. And until the encumbrance is paid, the Trustee is the holder of legal title. In this regard, the conveyance of legal title to the Trustee is security for the repayment of the promissory note. Here, the Deed of Trust still encumbers the property, so the Trustee still holds legal title.

Estrada also received at least constructive notice of the Deed of Trust. There is no dispute that the Deed of Trust was recorded against the Property at the time of her purchase or that the existence of the Deed of Trust would be discovered from a simple search of the recorded Property documents, available to anyone online.[4]

Under Nevada law,

[e]very . . . conveyance or instrument of writing, acknowledged or

---

[4] While the Deed of Trust is not listed in public records from the Clark County, Nevada, Assessor's Office, it is listed in an online search of records for the Property from the Clark County, Nevada, Recorder's Office, and available for the de minimis fee of $6.

proved and certified, and recorded in the manner prescribed in this chapter or in [Nev. Rev. Stat. §] 105.010 to 105.080, inclusive, must from the time of filing the same with the Secretary of State or recorder for record, *impart notice to all persons of the contents thereof*; and subsequent purchasers and mortgagees *shall be deemed to purchase and take with notice*.

Nev. Rev. Stat. § 111.320 (emphasis added). The Nevada Supreme Court has noted that "[t]he very purpose of recording statutes is to impart notice to a subsequent purchaser." *SFR Invs. Pool 1, LLC v. First Horizon Home Loans*, 409 P.3d 891, 893 (Nev. 2018). And such notice is *constructive*. *Coleman Holdings Ltd. P'ship v. Eklund*, 131 Nev. 1265, 2015 WL 428567, at *2 (2015) ("[Nev. Rev. Stat. §] 111.320 imposes constructive knowledge of the contents of recorded documents on a subsequent purchaser.") (citing *White v. Moore*, 448 P.2d 35, 36 (Nev. 1968) (holding that, regardless of their actual knowledge, "the appellants by reason of the knowledge imputed to them by virtue of [Nevada's] recording statutes are deemed to have had knowledge of the provisions of the [relevant] encumbrance of record, and they are not now permitted to disclaim that knowledge")); *see also Allison Steel Mfg. Co. v. Bentonite, Inc.*, 471 P.2d 666, 669 (Nev. 1970) ("Under our recording act, it is not enough that a subsequent purchaser record his conveyance first, he must also be a purchaser 'in good faith.' A subsequent purchaser with notice, actual or constructive, of an interest in the land superior to that which he is purchasing is not a purchaser in good faith, and not entitled to the protection of the recording act.").

Here, when New Builds quitclaimed the Property to Estrada, the Deed of Trust

and the accompanying promissory note had been recorded against the Property. There had also been several corporate assignments of the Deed of Trust recorded, eventually to SLS, which currently services the loan for Freddie Mac. Thus, regardless of Estrada's actual knowledge of the prior unsatisfied Deed of Trust on the Property quitclaimed to her, there was clear constructive notice of that encumbrance in several recorded documents.[5]

Because we affirm the district court on this ground, we decline to address SLS's alternative arguments of claim and issue preclusion. We also decline to address amici's argument that, "because Freddie Mac, an entity in federal conservatorship, owns the Deed of Trust, three . . . provisions [in the Housing and Economic Recovery Act]—12 U.S.C. §§ 4617(f), 4617(j)(3), and 4617(a)(7)— preempt any application of Nevada law to extinguish the Deed of Trust." Dkt. 24.2 at 6.[6]

---

[5] Alternatively, Estrada purchased the Property via the Quitclaim Deed at less than one-third its stated value. As the district court noted, the relatively low sale price and the Quitclaim Deed would have raised sufficient red flags to a reasonable person to have had inquiry notice of an encumbrance. Indeed, in many states, taking a quitclaim deed is alone sufficient to put a purchaser on inquiry notice of any defect in title. *See, e.g.*, *Woodward v. Ortiz*, 237 S.W.2d 286, 291–92 (Tex. 1951) (holding that a purchaser taking a quitclaim deed "cannot enjoy the protection afforded a bona fide purchaser" because "he takes with notice of all defects in the title").

[6] We grant the Federal National Mortgage Association (Fannie Mae) and Freddie Mac's motion for leave to join the amicus brief filed by the Federal Housing Finance Agency in support of appellee and affirmance of the district court's judgment. Dkt. 24.1.

23-2704

**AFFIRMED.**