ALLISON STEEL MANUFACTURING CO., WESTERN ROLLING MILLS DIVISION, AN ARIZONA CORPORATION, Appellant, v. BENTONITE, INC., A NEVADA CORPORATION, RESPONDENT.

No. 6018

June 19, 1970                                          471 P.2d 666

[Rehearing denied July 13, 1970]

*John Peter Lee,* of Las Vegas, for Appellant.

*Raymond E. Sutton,* of Las Vegas, for Respondent.

# OPINION

By the Court, COLLINS, C. J.:

This is an appeal from a summary judgment granted by the lower court in favor of respondent (plaintiff below). We affirm that judgment.

Henderson Land & Development Co., Inc. owned a parcel of land in Clark County, Nevada. It was indebted to the federal government for taxes, and liens were recorded. It also was indebted to appellant Allison Steel Manufacturing Co. The District Director of the Internal Revenue Service sold the land under the tax liens to R. J. Moore, who in turn conveyed it to respondent. Appellant sued Henderson for the debt owed it, recovered a judgment, executed and purchased the same land at a sheriff's sale. With each of the parties to this appeal claiming title to the same parcel of land, respondent sued appellant in the lower court to establish its title. Summary judgment was granted in the lower court perfecting title in respondent, from which judgment appellant appeals.

The chronology of events which is necessary to an understanding and resolution of the controversy is as follows:

March 16, 1964—Tax lien by Internal Revenue Service recorded.

March 24, 1964—Additional tax lien by Internal Revenue Service recorded.

May 26, 1964—Judgment in favor of appellant against the land owner, Henderson Land & Development Co., filed. (There is no evidence that the judgment was ever recorded.)

September 15, 1964—Internal Revenue Service sale to R. J. Moore. (The certificate of sale issued at time of sale was recorded at the same time the deed was, March 25, 1966.)

July 6, 1965—Sheriff's sale on execution resulting from May 26, 1964 judgment in favor of appellant.

July 15, 1965—Sheriff's certificate of sale under appellant's judgment recorded.

September 15, 1965—Tax liens released by Internal Revenue Service.

October 26, 1965—Internal Revenue Service Deed issued to R. J. Moore.

The property passed from R. J. Moore to respondent by a deed recorded March 25, 1966.

The only significant issue for our decision is this: Whether appellant was a purchaser for value without notice at the sheriff's sale, thus rendering the sale by the Internal Revenue Service void as to it.

1. Appellant contends that because R. J. Moore failed to record the certificate of sale he received from IRS on September 15, 1964, appellant's certificate of sale received from the sheriff and later recorded on July 15, 1965, became the priority lien, and when the sheriff issued his deed to appellant and it was recorded on July 26, 1966, it related back to July 15, 1965, and vested superior title in appellant. This contention is in error, as we shall hereinafter demonstrate.

2. The two IRS notices of tax liens recorded March 16 and March 24, 1964, were clearly prior in time to appellant's judgment lien of May 26, 1964. The recording of those liens imparted constructive notice to appellant of a claim against the Henderson property superior to its own judgment. NRS 111.-320. The Henderson property was sold by the IRS on September 15, 1964, and a certificate of sale issued to the purchaser, R. J. Moore, which certificate was not recorded until after the period of redemption had expired and he had received the IRS deed. He recorded both on March 25, 1966. In the meantime, with constructive knowledge of the IRS lien, appellant purchased the property at the sheriff's execution sale on its judgment, received a certificate of sale which was recorded on July 15, 1965, and, after the period of redemption passed, received and recorded a sheriff's deed on July 26, 1966.

3. At common law, where there were successive conveyances of the same legal interest in land, the first in time was superior in right. 6 R. Powell, The Law of Real Property ¶ 912 (1968). Recording statutes provide "constructive notice" of the existence of an outstanding interest in land, thereby putting a prospective purchaser on notice that he may not be getting all he expected. "Constructive notice is that which is imparted to a person upon strictly legal inference of matters which he necessarily ought to know, or which, by the exercise of ordinary diligence, he might know." 8 Thompson on Real Property § 4293, at 245–46.

Appellant's constructive notice received from the IRS tax liens of record at the time its judgment was obtained on May 26, 1964, imposed a duty of inquiry whether the prior right under those liens was being foreclosed. A duty of inquiry is said to arise "when the circumstances are such that a purchaser is in possession of facts which would lead a reasonable man in his position to make an investigation that would advise him of the existence of prior unrecorded rights. He is said to have constructive notice of their existence whether he does or does not make the investigation. The authorities are unanimous in holding that he has notice of whatever the search would disclose." 4 American Law of Property § 17.11, at 565–66 (1952). In 8 Thompson on Real Property § 4310, at 347, it is likewise said: "A recital in an instrument of record charges subsequent purchasers with notice of all material facts which an inquiry suggested by that recital would have disclosed. . . .

". . . When anything appears in these title deeds sufficient to put a prudent man on inquiry which if prosecuted with ordinary diligence would lead to actual knowledge of some right or title in conflict with the title he is about to purchase, it is his duty to make inquiry, and if he does not do so he is chargeable with actual knowledge of what the inquiry would have disclosed."

Had appellant examined the lien record of which he had constructive notice and was under a duty of inquiry with respect thereto on July 6, 1965, when the Henderson land was purchased at the sheriff's sale, or on July 15, when the sheriff's certificate of sale was recorded, it would have found the IRS liens still in effect. And an inquiry to the IRS would have revealed the sale to Moore.

4. But appellant argues that because the sheriff's certificate of sale on execution was recorded before the IRS certificate of sale to Moore was recorded, it is a subsequent purchaser in good faith for a valuable consideration, and any title derived from Moore's certificate of sale is void against appellant's. Appellant relies upon the recording act NRS 111.325, which reads: "Every conveyance of real property within this state hereafter made, which shall not be recorded as provided in this chapter, shall be void as against any subsequent purchaser, in good faith and for a valuable consideration, of the same real property, or any portion thereof, where his own conveyance shall be first duly recorded."

Under our recording act, it is not enough that a subsequent purchaser record his conveyance first, he must also be a purchaser "in good faith." A subsequent purchaser with notice, actual or constructive, of an interest in the land superior to that which he is purchasing is not a purchaser in good faith, and not entitled to the protection of the recording act.

5.   We think that appellant's position as a purchaser at a judgment sale is controlled by the rule announced in 8 Thompson on Real Property § 4313, at 371 (1963), which holds: "The leading rule in absence of statute is that the doctrine of caveat emptor applies to a sale under execution, and a purchaser ordinarily acquires no better title than the debtor could have conveyed *at the time the lien attached.*" (Emphasis added.)

At the time appellant's judgment lien attached on May 26, 1964, the two IRS liens were already of record giving it constructive notice.

8 Thompson on Real Property, supra, at 373, says: "There is strong authority today holding that a purchaser at an execution sale without notice, either actual or constructive, of any interest or equity of a third person, is a purchaser for a valuable consideration, and is entitled to the protection of the registry acts, though the judgment did not make the judgment creditor a bona fide purchaser entitled to such protection."

6.   We think that when Moore purchased the Henderson land from the IRS and received a certificate of sale on September 15, 1964, which was exchanged for a tax deed on October 26, 1965, he received a title superior to that acquired through the sheriff's sale by appellant and evidenced by the sheriff's certificate of sale issued July 6, 1965, and the sheriff's deed recorded July 26, 1966.

With the certificate of sale received September 15, 1964, Moore acquired equitable title to the land in question and received whatever interest Henderson had in the land at the time the tax liens attached, subject only to being divested by an exercise of Henderson's power of redemption. See Int. Rev. Code of 1954 § 6338; cf. Hansen v. G. & G. Trucking Co., 46 Cal.Rptr. 186, 194–95 (Cal.Dist.Ct.App. 1965). When the period of redemption passed, Moore became entitled, without more, to a tax deed from the IRS which conveyed legal title relating back to the time the tax liens attached. Appellant, on

the other hand, acquired only the right of redemption at the sheriff's sale in July of 1965 because the remainder of Henderson's interest in the land had been sold to Moore the previous September by the IRS whose tax liens had priority over appellant's judgment. Moore's failure to record his certificate of sale as appellant had wisely done, is of no aid to appellant as it had constructive notice of the existence of an interest superior to any it might acquire at the sheriff's sale.

Had appellant purchased the Henderson land at the sheriff's sale after instead of before the IRS tax liens were released, a different result would prevail. The failure of Moore to have recorded his certificate of sale from IRS would have left the Henderson land free of any recorded notice of prior lien. The certificate of sale is a document specifically designated as one to be recorded by the recorder (NRS 247.120(1)(n)), and absent recording of the IRS certificate of sale to Moore following release of the IRS tax liens, appellant, as purchaser at an execution sale, even though he was the judgment creditor who caused the sale, would have become a subsequent purchaser pursuant to NRS 111.325, supra, and 8 Thompson on Real Property, supra, at 373.

The summary judgment granted by the court is affirmed.

ZENOFF, BATJER, MOWBRAY, and THOMPSON, JJ., concur.