**James W. ANDERSON, Plaintiff–Counter Defendant–Appellee,**

v.

**Robert KAHRE, Defendant–Counter Claimant–Third Party Plaintiff–Appellant,**

v.

**Walt Budzinski; Ron Smith, ThirdParty Defendants–Appellees.**

No. 01–16185.

D.C. No. CV–00–01063–PMP/RJJ.

United States Court of Appeals, Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted June 10, 2002.*

Decided June 13, 2002.

Before O'SCANNLAIN, BERZON, and RAWLINSON, Circuit Judges.

MEMORANDUM**

Robert Kahre appeals pro se the district court's summary judgment for James Anderson on Anderson's quiet title action. Anderson purchased the property in a tax sale from the Internal Revenue Service ("IRS"). Kahre also appeals the district court's order dismissing his third-party complaint alleging that IRS agents Budzinski and Smith violated his rights by seizing and selling the real property for delinquent taxes due. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's summary judgment, *Kohler v. Inter–Tel Techs.*, 244 F.3d 1167, 1171 (9th Cir.2001), and dismissal for lack of subject matter jurisdiction, *Montes v. United States*, 37 F.3d 1347, 1351 (9th Cir.1994). We affirm.

The district court properly granted summary judgment for Anderson because Kahre failed to raise a genuine issue of material fact as to whether the tax deed Anderson received after purchasing the property failed to convey all the right, title, and interest in the property Kahre enjoyed prior to the seizure for delinquent taxes. *See* 26 U.S.C. § 6339(b)(2); *Allison Steel Mfg. Co. v. Bentonite, Inc.*, 86 Nev. 494, 499–500, 471 P.2d 666 (Nev.1970).

Because Kahre failed to show an explicit waiver of sovereign immunity, the district court properly dismissed the IRS agents from the suit for lack of subject matter jurisdiction. *See Holloman v. Watt*, 708 F.2d 1399, 1401–02 (9th Cir.1983) (per curiam).

Kahre's remaining contentions lack merit.

Budzinski and Smith's request to be included in the appeal as appellees is granted. The clerk shall amend the docket accordingly.

Budzinski and Smith's request that their brief be filed is granted. The clerk shall file their brief received on August 28, 2001.

All remaining motions are denied.

**AFFIRMED.**

---

* Because the panel unanimously finds this case suitable for decision without oral argument, Kahre's request for oral argument is denied. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.