# IN THE SUPREME COURT OF THE STATE OF NEVADA

PENNYMAC HOLDINGS, LLC, F/K/A PENNYMAC MORTGAGE INVESTMENT TRUST HOLDINGS I, Appellant, vs. FIDELITY NATIONAL INSURANCE COMPANY; AND FIDELITY NATIONAL TITLE AGENCY OF NEVADA, INC., Respondents.

No. 72538



FILED

JUL 30 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER AFFIRMING IN PART AND REVERSING AND REMANDING IN PART

This is an appeal from a final judgment in an insurance contract action. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

The property subject to this appeal was purchased in June 2004 with a loan secured by a deed of trust. In July 2007, the property was refinanced with a loan from Wilmington Finance Inc. (Wilmington), which was also secured by a deed of trust. Fidelity Nevada Title Insurance Co. (Fidelity Nevada), as an agent of Fidelity National Title Insurance Co. (Fidelity National), served as settlement agent for the refinancing. In this capacity, Fidelity Nevada issued a preliminary title report, a title insurance policy, and a closing protection letter (CPL) to Wilmington. Following the refinancing, there was a series of assignments, culminating in 2013, when PennyMac Holdings, LLC (PennyMac) became the beneficiary of the note and deed of trust.

One week prior to the Wilmington deed of trust being recorded, the agent for Eldorado Neighborhood Second Homeowners Association (the

HOA), recorded an HOA assessment lien on the subject property. Based on the HOA assessment lien, the HOA served PennyMac a notice of foreclosure on August 12, 2013, stating the unpaid balance was $951.77. The HOA sent a second demand to PennyMac on December 26, 2013, for $4,670.80. When the demand went unpaid, the HOA foreclosed on the delinquent assessment lien and LN Management acquired the property at the foreclosure sale. LN Management then filed an action for quiet title and declaratory relief against PennyMac to establish that the foreclosure sale had extinguished PennyMac's deed of trust.

Following the foreclosure sale, PennyMac tendered an insurance claim to Fidelity National, arguing that under the title insurance policy Fidelity had an obligation to defend PennyMac and indemnify it for any losses. In response, Fidelity National agreed to pay PennyMac the amount that would have satisfied the HOA lien ($951.77), but otherwise denied that it had any further obligation to defend or indemnify PennyMac for losses related to the foreclosure. Based on this denial, PennyMac sued both Fidelity National and Fidelity Nevada (collectively Fidelity) asserting five causes of action. PennyMac asserted four of the causes of action against Fidelity National and just one against Fidelity Nevada. Both parties subsequently moved to dismiss the pleadings under NRCP 12(b)(5). The district court granted Fidelity's motion and denied PennyMac's motion. PennyMac now appeals.

*Standard of review*

This Court reviews a dismissal for failure to state a claim under NRCP 12(b)(5) de novo. *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008). "A complaint should not be dismissed unless it appears to a certainty that the plaintiff could prove no set of facts that would entitle him or her to relief." *Cohen v. Mirage Resorts, Inc.*, 119

Nev. 1, 22, 62 P.3d 720, 734 (2003). "This is a rigorous standard, as this court construes the pleading liberally, drawing every inference in favor of the nonmoving party." *Holcomb Condo. Homeowners' Ass'n v. Stewart Venture, LLC,* 129 Nev. 181, 186, 300 P.3d 124, 128 (2013) (internal quotation marks and citation omitted). Additionally, "[t]he interpretation of an insurance policy presents a legal question, which we review de novo." *Las Vegas Metro. Police Dep't. v. Coregis Ins. Co.,* 127 Nev. 548, 553, 256 P.3d 958, 961 (2011).

*Genuine issues of material fact remain as to whether Fidelity National had a duty to defend and indemnify PennyMac under the title insurance policy*

Four of PennyMac's causes of action concern Fidelity National's denial of PennyMac's title insurance policy claims and allege that Fidelity National had a duty to defend and indemnify PennyMac under the terms of the title policy.[1] On appeal, PennyMac argues that factual issues remain precluding dismissal of these claims. Fidelity National counters that the district court properly dismissed these claims because PennyMac failed to timely notify Fidelity National of the adverse HOA assessment lien, which prejudiced Fidelity National as a matter of law and therefore its duties under the title policy never arose.[2]

---

[1]This includes count 1 (declaratory judgment), count 2 (breach of contract), count 4 (bad faith breach of insurance contract), and count 5 (breach of Nevada's Unfair Claims Practices Act, NRS 686A.310).

[2]In its motion to dismiss, Fidelity also argued that PennyMac's claims for breach of the title policy and CPL were time barred by the six year statute of limitations under NRS 11.190(1)(b). On appeal, PennyMac contests this argument. "The general rule concerning statutes of limitation is that a cause of action accrues when the wrong occurs and a party sustains injuries for which relief could be sought." *Petersen v. Bruen,* 106 Nev. 271,

As relevant, condition 3 of the title insurance policy provides:

> The insured shall notify the Company promptly in writing . . . (ii) in case knowledge shall come to an insured hereunder of any claim of title or interest which is adverse to the title to the estate or interest or the lien of the insured mortgage, as insured, and which might cause loss or damages for which the Company may be liable by virtue of this policy.

Condition 3 further states that if prompt notice is not given, Fidelity National's liability terminates with regard to matters requiring prompt notice, "provided, however, that failure to notify the Company shall in no case prejudice the rights of any insured under this policy unless the Company shall be prejudiced by the failure and then only to the extent of the prejudice." The policy also defined "knowledge" as "actual knowledge, not constructive knowledge or notice which may be imputed to an insured by reason of the public records . . . ."

PennyMac asserts that it did not have "actual knowledge" that the HOA lien was an adverse claim because the HOA never gave PennyMac notice that it was seeking to foreclose a superpriority lien against PennyMac, or extinguish PennyMac's deed of trust. Fidelity National counters that it is undisputed that PennyMac received notice of the foreclosure, and that the foreclosure had the potential to eliminate PennyMac's lien. Thus, Fidelity National argues that PennyMac was required to promptly notify it of the pending foreclosure under the language of the policy.

---

274, 792 P.2d 18, 20 (1990). We conclude that PennyMac could not sue Fidelity for breach of the title policy or CPL until Fidelity denied PennyMac's claims in 2014. Thus, these claims were timely.

In *Las Vegas Metropolitan Police Department v. Coregis Insurance Company*, we adopted "a notice-prejudice rule: in order for an insurer to deny coverage of a claim based on the insured party's late notice of that claim, the insurer must show (1) that the notice was late and (2) that it has been prejudiced by the late notice." 127 Nev. at 558, 256 P.3d at 965.

> [T]he notice provision in an insurance policy is meant to protect the insurer from being placed in a substantially less favorable position than it would have been in had timely notice been provided . . . [meaning] the function of a notice requirement is to protect the insurance company's interests from being prejudiced.

*Id.* at 558, 256 P.3d at 964 (alternation in original) (internal quotation marks omitted).

While it is undisputed that PennyMac received at least one foreclosure notice, we conclude that issues of fact remain as to whether this notice provided PennyMac actual knowledge of an adverse claim under the terms of the policy. On a motion to dismiss, "[a]ll factual allegations of the complaint must be accepted as true." *Breliant v. Preferred Equities Corp.*, 109 Nev. 842, 845, 858 P.2d 1258, 1260 (1993). PennyMac's complaint alleges that PennyMac did not have actual knowledge the HOA lien was an adverse claim. *Title Insurance Law* § 8:5 (Sept. 2017) (noting that cases construing the term "actual knowledge" within the context of insurance policies generally means that "insureds must actually know that a particular matter has an adverse affect on the insured title"). Thus, whether PennyMac provided adequate notice to Fidelity of an adverse claim

is an issue of fact not resolvable on a motion to dismiss. [3] *See Green Tree Servicing, LLC v. Chicago Title Ins. Co.*, 499 S.W.3d 771, 776-77 (Mo. Ct. App. 2016).

Moreover, even assuming PennyMac failed to give Fidelity National timely notice of an adverse claim, Fidelity National cannot establish prejudice on a motion to dismiss. Prejudice arises "where the delay materially impairs an insurer's ability to contest its liability to an insured or the liability of the insured to a third party." *Coregis Ins. Co.*, 127 Nev. at 558, 256 P.3d at 965. "The issue of prejudice is an issue of fact," and as a general rule, questions of prejudice are best left to the trier of fact. *Id.* Because the district court made no factual findings concerning prejudice, or any other issue, we are unable to review whether Fidelity National suffered prejudice. Accordingly, we reverse the decision of the district court and remand to determine whether PennyMac had actual knowledge of an adverse claim, and whether Fidelity National suffered prejudice.

*The district court properly dismissed PennyMac's claims based on the CPL*

PennyMac asserted two causes of action against Fidelity National based on the CPL. However, generally, only parties to a contract can enforce a contract provision. *Albert H. Wohlers & Co. v. Bartgis*, 114

---

[3]PennyMac also argues that it did not have actual knowledge that the HOA lien was an adverse claim because of representations made by Fidelity in the preliminary report and title policy. First, a preliminary report is not a representation of the condition of title. NRS 629A.023. Second, in *Huntington v. Mila, Inc.*, we held "that a title insurance company is not required to disclose every encumbrance in a title policy because a title policy, unlike an abstract of title, does not impart constructive notice of encumbrances. Instead, a title company must disclose the encumbrances it is not willing to insure or indemnify against in a title policy." 119 Nev. 355, 359, 75 P.3d 354, 357 (2003). Thus, these alleged representations do not affect whether PennyMac had knowledge of potentially adverse claims.

Nev. 1249, 1262, 969 P.2d 949, 959 (1998) ("In general, no one 'is liable upon a contract except those who are parties to it'"). The deed of trust and CPL were originally given to a different financial institution, Wilmington, and only through a series of assignments did PennyMac become the beneficiary on the deed of trust. Despite this, PennyMac contends that it is a party to the CPL because the CPL was issued "Wilmington Finance, Inc., ISAOA" and that "ISAOA" stands for "its successors and/or assigns." Thus, PennyMac asserts it is an assignee under the CPL.

Paragraph 2 of the CPL defines who qualifies as an assignee: "If you are a lender protected under the foregoing paragraph . . . (ii) your assignee who provides funds, instructions or documents to the Issuing Agent or Approved Attorney for such closings shall be protected as if this letter were addressed to your assignee." Thus, under paragraph 2, the CPL only protects an assignee who participated in the closing of the loan transaction by providing funds, instruction, or documents to Fidelity Nevada. PennyMac was not a party to the original loan transaction and therefore did not provide funding, instruction, or other documents for that transaction. We therefore conclude that PennyMac is not an assignee under the contract and thus, lacks standing to assert claims under the CPL.[4] Accordingly, we

ORDER the judgment of the district court AFFIRMED IN

---

[4]Based on this holding we further conclude that PennyMac lacks standing to sue Fidelity Nevada for breach of the closing instructions.

PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty


cc:     Hon. Michelle Leavitt, District Judge
        Salvatore C. Gugino, Settlement Judge
        Akerman LLP/Las Vegas
        Early Sullivan Wright Gizer & McRae, LLP
        Eighth District Court Clerk