NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 2 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION; WELLS FARGO BANK, N.A., <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> T-SHACK, INC., <br><br> Defendant-Appellant. | No.   18-16319 <br><br> D.C. No. 2:16-cv-02664-JCM-PAL <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted March 30, 2020**
Pasadena, California

Before:  MURGUIA and MILLER, Circuit Judges, and STEEH,*** District Judge.

---

*  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

***  The Honorable George Caram Steeh III, United States District Judge for the Eastern District of Michigan, sitting by designation.

T-Shack, Inc., ("T-Shack") appeals the district court's grant of summary judgment in favor of the Federal Home Loan Mortgage Corporation ("Freddie Mac") and Wells Fargo Bank, N.A. ("Wells Fargo"). We review the grant of summary judgment de novo. *See Berezovsky v. Moniz*, 869 F.3d 923, 927 (9th Cir. 2017). We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

T-Shack purchased real property in Nevada at a homeowner's association foreclosure sale in 2013. The property was encumbered by a note and deed of trust that had been purchased by Freddie Mac in 2005. In 2010, the deed of trust was assigned to Wells Fargo, as Freddie Mac's authorized servicer of the loan. At the time of the sale, Wells Fargo was the record beneficiary of the deed of trust and Freddie Mac was the owner of the loan.

The Federal Foreclosure Bar prohibits foreclosure of Freddie Mac property without its consent while it is under conservatorship. *Berezovsky*, 869 F.3d at 928. The district court held that, by operation of the Federal Foreclosure Bar, 12 U.S.C. § 4617(j)(3), the foreclosure sale did not extinguish Freddie Mac's interest in the property. *See id.* at 927-31. The district court found that Freddie Mac established its ownership interest in the property and that it did not consent to the sale. T-Shack's arguments to the contrary are unavailing.

T-Shack argues that Freddie Mac did not establish its property interest because the beneficiary of the deed of trust was Wells Fargo, not Freddie Mac.

2

This argument is precluded by *Berezovsky*, in which we found that a note holder retains its security interest in the property even if the beneficial interest in the deed of trust is assigned to its loan servicing agent. *Id*. at 932. Because Wells Fargo was Freddie Mac's agent, Freddie Mac retained a valid and enforceable property interest under Nevada law, even though its name was not recorded on the deed of trust. *Id*.; *Daisy Trust v. Wells Fargo Bank, N.A.*, 445 P.3d 846, 849 (Nev. 2019) (en banc).

T-Shack also asserts that Freddie Mac did not submit evidence that it is the owner of the loan. To the contrary, Freddie Mac offered sufficient evidence of its property interest by providing a printout of its database records, an accompanying declaration, and excerpts of its Single-Family Seller/Servicer Guide, the same evidence we found to be sufficient in *Berezovsky*. 869 F.3d at 932-33 & nn.8-9.

T-Shack's argument that Freddie Mac failed to prove that it did not consent to the sale is also foreclosed by *Berezovsky*. Freddie Mac need not prove its lack of consent; "[r]ather, the statutory language cloaks Agency property with Congressional protection unless or until the Agency affirmatively relinquishes it." *Id*. at 929. T-Shack points to no evidence showing that Freddie Mac affirmatively consented to the sale.

T-Shack's contention that the Federal Foreclosure Bar is unconstitutional was rejected by *Federal Home Loan Mort. Corp. v. SFR Investments Pool 1, LLC*,

893 F.3d 1136, 1150-51 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 1618 (2019), in which we held that the Federal Foreclosure Bar does not violate a purchaser's due process rights.

To the extent T-Shack claims to be a bona fide purchaser under Nevada law, its contention is without merit. *See* Nev. Rev. Stat. §§ 111.180, 111.325. T-Shack's argument is based upon the flawed premise that Freddie Mac's interest was unrecorded. However, the deed of trust was recorded prior to the sale in the name of Freddie Mac's agent, providing T-Shack with notice of Freddie Mac's adverse interest in the property. *See Huntington v. Mila, Inc.*, 75 P.3d 354, 356 (Nev. 2003) ("A subsequent purchaser with notice, actual or constructive, of an interest in property superior to that which he is purchasing is not a purchaser in good faith, and is not entitled to the protection of the recording act.") (citing *Allison Steel Mfg. Co. v. Bentonite, Inc.*, 471 P.2d 666, 669 (Nev. 1970)); *see also Daisy Trust*, 445 P.3d at 849 ("Nevada's recording statutes did not require Freddie Mac to publicly record its ownership interest as a prerequisite for establishing that interest. . . . We therefore need not address . . . Daisy Trust's argument that it is protected as a bona fide purchaser from the Federal Foreclosure Bar's effect."). Accordingly, T-Shack is not a bona fide purchaser.

Additionally, even if T-Shack was a bona fide purchaser, the Federal Foreclosure Bar "unequivocally expresses Congress's 'clear and manifest' intent to

4

supersede any contrary law, including state law, that would allow foreclosure of Agency property without its consent." *Berezovsky*, 869 F.3d at 930-31. T-Shack's alleged status as a bona fide purchaser cannot survive the Federal Foreclosure Bar, which preempts conflicting state law. *See id*.

**AFFIRMED**.