NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 13 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | No. 19-15746 |
| Plaintiff-Appellee, | D.C. No. 2:17-cv-02033-JCM-VCF |
| v. | |
| BFP INVESTMENTS 4 LLC, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted July 9, 2020[**]
Seattle, Washington

Before: HAWKINS, D.M. FISHER,[***] and M. SMITH, Circuit Judges.

BFP Investments 4 LLC bought a property at a homeowners association

(HOA) nonjudicial foreclosure sale in 2014. After the sale, the Federal National

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

Mortgage Association (Fannie Mae) sued BFP, seeking to quiet title with respect to its deed of trust on the property. The district court granted summary judgment for Fannie Mae. BFP appeals. We have jurisdiction under 28 U.S.C. § 1291, and our review is de novo. *Berezovsky v. Moniz*, 869 F.3d 923, 927 (9th Cir. 2017). We affirm.

The district court did not err in concluding that Fannie Mae had an interest in the property at the time of the HOA foreclosure sale.[1] "[W]hen the recording document lists the deed-of-trust beneficiary, . . . but not the note owner, . . . . an 'agency relationship' with the recorded beneficiary preserves the note owner's power to enforce its interest." *Id.* at 932 (quoting *In re Montierth*, 354 P.3d 648, 650–51 (Nev. 2015) (en banc)). "An agency relationship exists if the note owner has the ability to reclaim the deed of trust from the beneficiary by ordering that the beneficiary make an assignment." *Id.* Here, Fannie Mae introduced ample evidence establishing its ownership interest in the property; its agency relationship with the listed deed-of-trust beneficiary, Fannie Mae's former servicer, Bank of America,

---

[1] Although BFP's notice of appeal designates only the reconsideration and entry of judgment order, we may review the earlier summary judgment order. *See Le v. Astrue*, 558 F.3d 1019, 1022 (9th Cir. 2009) (we apply Federal Rule of Appellate Procedure 3(c) "in a non-technical manner"). BFP's intent to appeal the summary judgment order is clear from its opening brief, and Fannie Mae had the opportunity to respond, and did respond, to BFP's arguments on the merits of that order in its answering brief. *See Lolli v. County of Orange*, 351 F.3d 410, 414–15 (9th Cir. 2003).

N.A. (BANA); and BANA's contractual obligation to act on Fannie Mae's behalf after its servicing duties ended. *See id.* at 932–33.

Additionally, the district court did not commit reversible error in failing to determine whether BFP is a bona fide purchaser. *See* Nev. Rev. Stat. §§ 111.180, 111.325. BFP had notice of an adverse interest in the property because the deed of trust was recorded in the name of Fannie Mae's agent—its former servicer—at the time of the foreclosure sale. *See Daisy Tr. v. Wells Fargo Bank, N.A.*, 445 P.3d 846, 849 (Nev. 2019) (en banc). Moreover, the deed of trust includes a provision outlining that "the Note (together with this Security Instrument) can be sold one or more times without prior notice to [the] Borrower." For these reasons, the record makes clear that BFP is not a bona fide purchaser. *See Huntington v. Mila, Inc.*, 75 P.3d 354, 356 (Nev. 2003) (per curiam) ("A subsequent purchaser with notice, actual or constructive, of an interest in property superior to that which he is purchasing is not a purchaser in good faith, and is not entitled to the protection of [Nevada's] recording act."); *Allison Steel Mfg. Co. v. Bentonite, Inc.*, 471 P.2d 666, 668 (Nev. 1970) (subsequent purchaser has "duty of inquiry . . . when the circumstances are such that [he] is in possession of facts which would lead a reasonable man in his position to make an investigation that would advise him of the existence of prior unrecorded rights" (internal quotation marks omitted)).

Finally, BFP's arguments that a reasonable investigation would not have revealed

Fannie Mae's adverse interest are unpersuasive.[2]

    **AFFIRMED.**

---

[2] Because BFP is not a bona fide purchaser, we need not address Fannie Mae's argument that the Federal Foreclosure Bar would preempt the bona fide purchaser status under Nevada law. Furthermore, we need not address BFP's argument that "secret liens . . . must be considered an unlawful taking under the Constitution and a violation of BFP's constitutional due process rights" because it was not raised in BFP's opening brief. *See Clark v. City of Seattle*, 899 F.3d 802, 808 n.3 (9th Cir. 2018).