NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEDERAL HOME LOAN MORTGAGE
CORPORATION; FEDERAL HOUSING
FINANCE AGENCY, as Conservator of
Freddie Mac,

      Plaintiffs-Appellees,

NATIONSTAR MORTGAGE LLC,

      Plaintiff-counter-
      defendant-Appellee,

  v.

SATICOY BAY LLC SERIES 1838
FIGHTING FALCON,

      Defendant-counter-claimant-
      Appellant.

No. 19-16918

D.C. No.
2:15-cv-00064-JAD-BNW

MEMORANDUM[*]

FILED

SEP 4 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted September 2, 2020[**]
Seattle, Washington

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: HAWKINS and McKEOWN, Circuit Judges, and KENDALL,[***] District Judge.

Saticoy Bay LLC Series 1838 ("Saticoy Bay") appeals from the district court's grant of summary judgment in favor of Appellees Nationstar Mortgage, LLC ("Nationstar"); the Federal Home Loan Mortgage Corporation ("Freddie Mac"); and the Federal Housing Finance Agency ("FHFA"). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

The district court did not err by concluding that 12 U.S.C. § 4617(j)(3), commonly known as the Federal Foreclosure Bar, operated to preserve the deed of trust. *Berezovsky v. Moniz*, 869 F.3d 923, 931 (9th Cir. 2017) (holding that the Federal Foreclosure Bar preempts Nevada Revised Statute §116.3116(2)). It is undisputed that Freddie Mac was under the conservatorship of the FHFA at the time of the foreclosure sale, and the FHFA did not consent to the sale.

Contrary to Saticoy Bay's argument, the district court did not err by determining the undisputed facts established Freddie Mac had an enforceable interest in the property at the time of the foreclosure sale. It was not an abuse of discretion to deem the employee declaration and business records admissible. *See id.* at 932 n.8 (noting database printouts were admissible evidence of loan

---

[***] The Honorable Virginia M. Kendall, United States District Judge for the Northern District of Illinois, sitting by designation.

ownership); *see also U-Haul Int'l, Inc. v. Lumbermens Mut. Cas. Co.*, 576 F.3d 1040, 1043 (9th Cir. 2009). And the evidence establishes Freddie Mac's ownership of the loan. *See Berezovsky*, 869 F.3d at 932; *Daisy Tr. v. Wells Fargo Bank, N.A.*, 445 P.3d 846, 849–50 (Nev. 2019).

Nor did the district court err by rejecting Saticoy Bay's arguments that Freddie Mac's interest was invalid because the assignment of the loan to Freddie Mac was unrecorded and Nationstar was the listed beneficiary on the recorded deed of trust. Under Nevada law, "an agency relationship with the recorded beneficiary preserves the note owner's power to enforce its interest under the security interest" where the note and deed of trust are split. *Berezovsky*, 869 F.3d at 933 (internal quotation marks omitted) (holding Freddie Mac had a valid interest in the subject property even though it was not listed on the recorded deed of trust where evidence showed that its servicer was the listed beneficiary); *cf. Daisy Tr.*, 445 P.3d at 849 ("[W]e are not persuaded that . . . NRS 106.210 would be implicated or that NRS 111.325 is implicated because there is no requirement that the beneficial interest in the deed of trust needed to be 'assigned' or 'conveyed' to Freddie Mac in order for Freddie Mac to acquire ownership of the loan."). The evidence submitted in district court sufficiently established the agency relationship between Freddie Mac and Nationstar. *See Berezovsky*, 869 F3.3d at 932–33.

Saticoy Bay's reliance on Nevada's statute of frauds likewise is misplaced, as "[t]he defense of the statute of frauds is personal, and available only to contracting parties or their successors in interest." *Harmon v. Tanner Motor Tours of Nev., Ltd.*, 377 P.2d 622, 628 (Nev. 1963); *Easton Bus. Opp. v. Town Executive Suites*, 230 P.3d 827, 833 n.4 (Nev. 2010) (noting "while statute of frauds provisions may 'prevent enforcement against an assignor unless there is a memorandum in writing or some substitute formality, . . . they cannot ordinarily be asserted by third persons, including the obligor of an assigned right.'" (quoting Restatement (Second) of Contracts § 324 cmt. b (1981)).

Saticoy Bay's remaining arguments, including its contention that it is a bona fide purchaser, *see* Nev. Rev. Stat. §§ 111.180, 111.325, do not require a different result. Indeed, the record demonstrates that Saticoy Bay is not a bona fide purchaser. *See Huntington v. Mila, Inc.*, 119 Nev. 355, 75 P.3d 354, 356 (2003) (per curiam) ("A subsequent purchaser with notice, actual or constructive, of an interest in property superior to that which he is purchasing is not a purchaser in good faith, and is not entitled to the protection of [Nevada's] recording act."). The district court correctly entered judgment in favor of the Appellees.

**AFFIRMED.**