NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 8 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SATICOY BAY LLC SERIES 452 CROCUS HILL,<br><br>    Plaintiff-counter-defendant-Appellant,<br><br>  v.<br><br>QUALITY LOAN SERVICE CORPORATION,<br><br>    Defendant-Appellee,<br><br>GREEN TREE SERVICING, LLC,<br><br>    Defendant-counter-claim-3rd-party-plaintiff-Appellee,<br><br>  v.<br><br>SAN MARCOS AT SUMMERLIN HOMEOWNERS ASSOCIATION; ASSESSMENT MANAGEMENT SERVICES,<br><br>    Defendants-third-party-defendants. | No.   19-16355<br><br>D.C. No.<br>2:15-cv-00977-RFB-CWH<br><br>MEMORANDUM* |

Appeal from the United States District Court

_____

    * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Submitted September 2, 2020[**]
Seattle, Washington

Before: HAWKINS and McKEOWN, Circuit Judges, and KENDALL,[***] District Judge.

Plaintiff-Appellant Saticoy Bay LLC Series 452 Crocus Hill appeals the district court's order denying its motion for summary judgment and granting summary judgment for Defendant-Appellee Green Tree Servicing, LLC. We have jurisdiction under 28 U.S.C. § 1291, and our review is de novo. *Berezovsky v. Moniz*, 869 F.3d 923, 927 (9th Cir. 2017). We affirm.

In 2014, Saticoy Bay purchased the subject property at a homeowners association ("HOA") foreclosure sale. The property was encumbered by a note and deed of trust that had been purchased by the Federal National Mortgage Association ("Fannie Mae") in 2003. At the time of Saticoy Bay's purchase, Green Tree, Fannie Mae's servicer, was the record beneficiary of the deed of trust. Saticoy Bay sued Green Tree and the trustee on the deed of trust, seeking, among other relief, a declaratory judgment that it was the rightful owner of the property.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Virginia M. Kendall, United States District Judge for the Northern District of Illinois, sitting by designation.

Green Tree counterclaimed, asserting, among other claims, a claim for a declaratory judgment that its interest remained on the property superior to the interests of Saticoy Bay. Relying on the Federal Foreclosure Bar, 12 U.S.C. § 4617(j)(3), the district court ruled in favor of Green Tree and concluded that its ruling resolved all other claims, counterclaims, and third-party claims in the matter.

The district court correctly concluded that the Federal Foreclosure Bar operated here to protect Fannie Mae's interest. The Federal Foreclosure Bar applies to property for which the Federal Housing Finance Agency (the "Agency") "serves as conservator and immunizes such property from any foreclosure without Agency consent." *Berezovsky*, 869 F.3d at 928; *see also Fed. Home Loan Mortg. Corp. v. SFR Invs. Pool 1, LLC*, 893 F.3d 1136, 1140 (9th Cir. 2018) (noting that Fannie Mae has been under the Agency's conservatorship since 2008). The Federal Foreclosure Bar prevents an HOA foreclosure sale executed under Nevada's superpriority lien law, Nev. Rev. Stat. § 116.3116, from extinguishing the interest of the Agency in the property as conservator without the Agency's consent. *Berezovsky*, 869 F.3d at 931; *see also SFR Invs. Pool 1*, 893 F.3d at 1146–47.

Saticoy Bay does not dispute that the Agency served as Fannie Mae's conservator at the time of the foreclosure sale or that the Agency did not consent to

the sale. What Saticoy Bay does dispute is whether Fannie Mae held an interest in the property. Per Nevada law, Fannie Mae "remains a secured creditor with a property interest in the collateral" if its agent (*i.e.*, servicer) is named in the recorded deed of trust. *See Berezovsky*, 869 F.3d at 932. Contrary to Saticoy Bay's arguments, Green Tree properly established that Fannie Mae owned the loan at the time of the sale and that Green Tree serviced it. To show this, Green Tree submitted business records and an accompanying employee declaration from Fannie Mae, as well as Fannie Mae's servicing guide. Both this Court and the Supreme Court of Nevada have held that similar evidence is sufficient to prove ownership of the loan and status as a servicer. *See id.* at 932–33 & n.8–9 (determining that database printouts along with servicer guide were sufficient to establish Freddie Mac's interest and the servicer relationship); *Daisy Tr. v. Wells Fargo Bank, N.A.*, 445 P.3d 846, 850 (Nev. 2019) (en banc) (determining that servicer was not required to introduce servicing agreement or promissory note to establish servicing relationship and ownership of the loan). Additionally, the printouts of Fannie Mae's records were accompanied by a declaration stating that they were made in the regular course of business by someone with knowledge at the time of the event, as is required for business records to be admissible, and were authenticated by an employee familiar with Fannie Mae's systems. *See* Fed. R. Evid. 803(6), 901; *see also U-Haul Int'l, Inc. v. Lumbermens Mut. Cas. Co.*, 576

4

F.3d 1040, 1044–45 (9th Cir. 2009); *Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1060 (9th Cir. 2005) ("Rulings regarding evidence made in the context of summary judgment are reviewed for an abuse of discretion."). Nothing more was required.

Saticoy Bay's additional arguments also fail. Saticoy Bay challenges Fannie Mae's ownership of the mortgage loan on the grounds that Green Tree cannot produce a writing showing that Fannie Mae obtained such ownership, per the statute of frauds requirement in Nev. Rev. Stat § 111.205(1). Nevada law, however, provides that "[t]he defense of the statute of frauds is personal, and available only to the contracting parties or their successors in interest." *Harmon v. Tanner Motor Tours of Nev., Ltd.*, 377 P.2d 622, 628 (Nev. 1963); *see also Easton Bus. Opp. v. Town Exec. Suites*, 230 P.3d 827, 832 n.4 (Nev. 2010). Because Saticoy Bay was not a party to the assignment of the mortgage loan to Fannie Mae, it may not assert a statute of frauds defense.[1]

Saticoy Bay also argues that it is protected under Nevada's recording statutes because Fannie Mae's interest in the property was unrecorded and Saticoy

---

[1] Saticoy Bay's reliance on *Leyva v. Nat'l Default Servicing Corp.*, 255 P.3d 1275 (Nev. 2011), is also misplaced. *Leyva* differed in that it involved a question of who was entitled to pursue foreclosure proceedings. *Id.* at 1279. Saticoy Bay's reliance on *Leyva* in the instant context disregards *Berezovsky*'s and *Daisy Trust*'s holdings as to what evidence is needed to prove Fannie Mae's ownership and any servicing relationship.

Bay was a bona fide purchaser. *See* Nev. Rev. Stat. §§ 111.315, 111.325. But Green Tree's interest in the property was recorded at the time of the foreclosure sale, and this was sufficient to establish Fannie Mae's interest at that time, as the note owner need not be named on the deed of trust. *See Berezovsky*, 869 F.3d at 932; *cf. Daisy Tr.*, 445 P.3d at 847 (stating that Nevada's recording statutes do not require that the regulated entity "be identified as the beneficiary on the publicly recorded deed of trust to establish its ownership interest in the subject loan"). Additionally, here, the original deed of trust provided that the note could be sold "one or more times without prior notice" and provided that the deed of trust was a "Fannie Mae/Freddie Mac UNIFORM INSTRUMENT." Given that Saticoy Bay had record notice of Green Tree's adverse interest, that the deed of trust stated the note could be sold without notice, and that the deed of trust itself suggested it might have a connection to Fannie Mae, we decline to conclude that Saticoy Bay was a bona fide purchaser protected by Nevada's recording statutes. *See Huntington v. Mila, Inc.*, 75 P.3d 354, 356 (Nev. 2003) (per curiam) ("A subsequent purchaser with notice, actual or constructive, of an interest in property superior to that which he is purchasing is not a purchaser in good faith, and is not entitled to the protection of [Nevada's] recording act."); *Allison Steel Mfg. Co. v. Bentonite, Inc.*, 471 P.2d 666, 668 (Nev. 1970) (noting that a purchaser has a "duty of inquiry. . . when the circumstances are such that [he] is in possession of facts

6

which would lead a reasonable man in his position to make an investigation that would advise him of the existence of prior unrecorded rights" (internal quotation marks omitted)).  Given our conclusion, we decline to address whether and to what extent Nevada's recording statutes are preempted by the Federal Foreclosure Bar.

Finally, Saticoy Bay argues that the district court improperly granted Green Tree equitable relief when Green Tree had an adequate remedy at law.  This argument is unavailing because, even assuming (without deciding) that the remedy granted was equitable, Saticoy Bay does not persuasively refute the proposition that loss of real property rights constitutes an irreparable harm for which monetary damages are an inadequate remedy.  *See, e.g., Dixon v. Thatcher*, 742 P.2d 1029, 1030 (Nev. 1987) (noting that "real property and its attributes are considered unique and loss of real property rights generally results in irreparable harm").  Saticoy Bay does not persuasively explain or support its brief assertions that some other adequate remedy at law exists.

**AFFIRMED**.[2]

---

[2] The Motion of Amicus Curiae Federal Housing Finance Agency to Participate in Oral Argument (Dkt. No. 40) is denied as moot, as this case was submitted on the briefs and record, without oral argument (Dkt. No. 42).